# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

**IRIS D. MONTERROSO-LEMUS**
**and GARY J. BIVENS,**                                    Civil Action No.

     **Plaintiffs,**

**vs.**                                                                   **JUDGE:**

**RICHWOOD CORRECTIONAL CENTER, L.L.C.,**

**LASALLE MANAGEMENT COMPANY, L.L.C.,**

**CORRECTMED, LLC,**

**LASALLE CORRECTIONS, LLC,**

**LASALLE CORRECTIONS TRANSPORT, LLC,**     **JURY TRIAL DEMANDED**
**TOWN OF RICHWOOD, LA,**

**WILLIAM K. MCCONNELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY WITH LASALLE CORRECTIONS,**

**WESLEY W. MCCONNELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY WITH LASALLE CORRECTIONS,**

**CLAY K. MCCONNELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY WITH LASALLE CORRECTIONS,**

**PATRICK M. TEMPLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY WITH LASALLE CORRECTIONS,**

**LISA BOWEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS WARDEN OF RICHWOOD CORRECTIONAL CENTER,**

INDALECIO RAMOS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OPERATIONS, LASALLE CORRECTIONS,

PAMELA HEARN, M.D., INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS MEDICAL DIRECTOR OF LASALLE CORRECTIONS AND CORRECTMED,

KRISTINA ROTHSCHILD, INDIVIDUALLY IN IN HER OFFICIAL CAPACITY AS HEALTH SERVICES ADMINISTRATOR OF RICHWOOD CORRECTIONAL CENTER,

RENEE OGDEN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS LICENSED PRACTICAL NURSE AT RICHWOOD CORRECTIONAL CENTER,

KENNA MCMILLON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS LICENSED PRACTICAL NURSE AT RICHWOOD CORRECTIONAL CENTER,

ROGER DAWKINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRANSPORTATION OFFICER WITH LASALLE CORRECTIONS,

WILLIAM BRYANT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRANSPORTATION OFFICER WITH LASALLE CORRECTIONS,

TRAMAR BYRD, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRANSPORTATION OFFICER WITH LASALLE CORRECTIONS,

TIFFANY LUCKETT, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS TRANSPORTATION OFFICER WITH LASALLE CORRECTIONS,

JOSEPH HILL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS KITCHEN OFFICER AT RICHWOOD CORRECTIONAL CENTER,

STEWART D. SMITH, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSISTANT SECRETARY, ICE HEALTH SERVICE CORP,

JOHN DOE 1 THROUGH JOHN DOE 15,

JANE DOE 1 THROUGH JANE DOE 3,

    Defendants.

## COMPLAINT

Come now the Plaintiffs, Iris Monterroso-Lemus and Gary Bivens, Sr., and for cause of action against the Defendants, state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under the Constitution of the United States, specifically U.S. Constitution Amendments 4, 5 and 8, and federal law, specifically Title 42 of the United States Code section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

2. This Court has supplemental jurisdiction over related state law claims pursuant to 28 USCS § 1367.

3. This Court also has subject matter jurisdiction pursuant to 28 USCS § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and a citizen of a foreign state.

4. This Court has personal jurisdiction over all corporate defendants. Each one, with the exception of LaSalle Corrections Transport, LLC, is a Louisiana corporation formed under the laws of Louisiana with a principal place of business in Louisiana. Defendant

LaSalle Corrections Transport, LLC, is a Texas corporation formed under the laws of Texas with a principal place of business in and significant business connections to the state of Louisiana.

5.  This Court has personal jurisdiction over defendants John Doe 1 through John Doe 15 and Jane Doe 1 through Jane Doe 3 because they reside in the State of Louisiana and/or have significant actions in Louisiana.

6.  Venue is proper in the Western District of Louisiana pursuant to 28 USCS § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Monroe, Ouachita, Louisiana, where Richwood Correctional Center is located and where Plaintiff Iris Monterroso-Lemus was detained and experienced the miscarriage and stillbirth of her child, Gary Bivens, Jr.

## PARTIES

## PLAINTIFFS

7.  Plaintiff Iris Dayana Monterroso-Lemus is a resident and citizen of Guatemala.

8.  Plaintiff Gary Jason Bivens, Sr., is a resident of the State of Tennessee and a U.S. citizen.

## DEFENDANTS

9.  Defendant Richwood Correctional Center, L.L.C., is a limited liability corporation formed under the laws of the State of Louisiana with its principal place of business in Ruston, Louisiana. The registered agent is William K. McConnell, 192 Bastille Lane,

Suite 200, Ruston, LA 71270. Defendant Richwood Correctional Center, L.L.C., owns and operates the detention center known as Richwood Correctional Center (hereinafter Richwood CC), located at 180 Pine Bayou Circle, Monroe, LA 71202.

10. Defendant LaSalle Management Company, L.L.C., is a limited liability corporation formed under the laws of the State of Louisiana with its principal place of business in Ruston, Louisiana. The registered agent is William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, LA 71270.  Defendant LaSalle Management recruits, manages, retains, and oversees health care personnel for Richwood Correctional Center.

11. Defendant CorrectMed, LLC, is a limited liability corporation formed under the laws of the State of Louisiana with a principal place of business in Ruston, Louisiana. The registered agent is Ryan Horvath, 192 Bastille Lane, Suite 200, Ruston, LA 71270. Defendant CorrectMed recruits, manages, retains, and oversees health care personnel for Richwood Correctional Center.

12. Defendant LaSalle Corrections, LLC, is a limited liability corporation formed under the laws of the State of Louisiana with its principal place of business in Ruston, Louisiana. The registered agent is William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

13. Defendant LaSalle Corrections Transport, LLC, is a limited liability corporation formed under the law of the State of Texas with its principal place of business in Austin, TX. In Louisiana, its registered office and principal business establishment is at 192 Bastille

Lane, Suite 200, Ruston, LA 71270. The registered agent is William McConnell, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

14. LaSalle Corrections is a common trade name for corporate defendants Richwood Correctional Center, L.L.C., LaSalle Management Company, L.L.C., CorrectMed, LLC, LaSalle Corrections, LLC, and LaSalle Corrections Transport, LLC. Said companies are hereinafter collectively referred to as LaSalle Corrections. They share common principals, human resource functions, payroll, training, policies, financial functions and management They are a single integrated enterprise.

15. Defendant Town of Richwood is a political subdivision and municipal governmental entity created and existing under the laws of the State of Louisiana. The Mayor, Gerald Brown, is its chief executive officer. Its principal place of business is Richwood Town Hall, 2710 Martin Luther King Dr., Richwood, LA 71202.

16. Defendant William K. McConnell at all times relevant was an owner, director, and/or manager of LaSalle Corrections, LaSalle Management Company, L.L.C., Richwood Correctional Center, L.L.C., CorrectMed, LLC, LaSalle Corrections, LLC, and LaSalle Corrections Transport, LLC. He is being sued individually and in his official capacity. His principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

17. Defendant Wesley W. McConnell at all times relevant was an owner, director, and/or manager of LaSalle Corrections, LaSalle Management Company, L.L.C., Richwood Correctional Center, L.L.C., CorrectMed, LLC, LaSalle Corrections, LLC, and LaSalle

Corrections Transport, LLC. He is being sued individually and in his official capacity. His principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

18. Defendant Clay K. McConnell at all times relevant was an owner, director, and/or manager of LaSalle Corrections, LaSalle Management Company, L.L.C., Richwood Correctional Center, L.L.C., CorrectMed, LLC, LaSalle Corrections, LLC, and LaSalle Corrections Transport, LLC. He is being sued individually and in his official capacity. His principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

19. Defendant Patrick M. Temple at all times relevant was an owner, director, and/or manager of LaSalle Corrections, LaSalle Management Company, L.L.C., Richwood Correctional Center, L.L.C., CorrectMed, LLC, LaSalle Corrections, LLC, and LaSalle Corrections Transport, LLC. He is being sued individually and in his official capacity. His principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

20. Defendant Lisa Bowen at all times relevant was the warden of the Richwood Correctional Center. Her principal place of business is 180 Pine Bayou Circle, Monroe, LA 71202.

21. Defendant Indalecio Ramos at all times relevant was the Region One Director of Operations for LaSalle Corrections. His responsibility is to provide executive leadership and operational oversight for LaSalle facilities across Louisiana and Texas, including the Richwood Correctional Center. In his role, he is responsible for operational performance, regulatory compliance, staff development, and maintaining the standards of safety and

security, including at Richwood Correctional Center. His principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

22. Defendant Pamela Hearn, M.D., at all times relevant was the Medical Director of LaSalle Corrections. At all times relevant, she was also the Medical Director of CorrectMed, LLC. Her principal place of business is 192 Bastille Lane, Suite 200, Ruston, LA 71270.

23. Defendant Kristina Rothschild at all times relevant was the Health Service Administrator of Richwood CC. Her principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

24. Defendant Renee Ogden at all times relevant was a Licensed Practical Nurse (LPN) at the Richwood CC. Her principal place of business is Richwood Correctional Center,180 Pine Bayou Circle, Monroe, LA 71202.

25. Defendant Kenna McMillon at all times relevant was a Licensed Practical Nurse (LPN) at the Richwood CC. Her principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

26. Defendant Roger Dawkins at all times relevant was a transportation officer with LaSalle Corrections. His principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

27. Defendant William Bryant at all times relevant was a transportation officer with LaSalle Corrections. His principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

28. Defendant Tramar Byrd at all times relevant was a transportation officer with LaSalle Corrections. His principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

29. Defendant Tiffany Luckett at all times relevant was a transportation officer with LaSalle Corrections. Her principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

30. Defendant Joseph Hill at all times relevant was a Kitchen Officer at the Richwood CC. His principal place of business is Richwood Correctional Center, 180 Pine Bayou Circle, Monroe, LA 71202.

31. Defendant Stewart D. Smith, M.D., at all times relevant, was the Assistant Director of the ICE Health Service Corp (IHSC). His principal place of business is at ICE Health Service Corp, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536. He has significant contacts with the State of Louisiana by virtue of his role to oversee health care and compliance with ICE detention standards in all facilities that provide detention of immigrants in ICE custody. The State of Louisiana has 10 dedicated ICE detention facilities.

32. Defendant John Doe 1 is a health care provider yet to be identified in the Richwood Correctional Center medical records. He is believed to be a doctor who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs'

request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

33. Defendant John Doe 2 is a health care provider yet to be identified in the Richwood Correctional Center medical records. He is believed to be a doctor who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs' request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

34. Defendant John Doe 3 is a health care provider yet to be identified in the Richwood Correctional Center medical records. He is believed to be a nurse or LPN who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs' request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

35. Defendant Jane Doe 1 is a health care provider yet to be identified in the Richwood Correctional Center medical records. She is believed to be a nurse or LPN who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs' request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

36. Defendant Jane Doe 2 is a health care provider yet to be identified in the Richwood Correctional Center medical records. She is believed to be a nurse or LPN who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs' request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

37. Defendant Jane Doe 3 is a health care provider yet to be identified in the Richwood Correctional Center medical records. She is believed to be a nurse or LPN who treated Plaintiff Iris Monterroso-Lemus while she was detained at Richwood CC in April 2025. Defendant Richwood Correctional Center, L.L.C., has not complied with Plaintiffs'

request for medical records. To date, Plaintiffs' Freedom of Information Act requests made to U.S. Immigration and Customs Enforcement have been denied. This defendant may be served with process via Defendant LaSalle Management and Defendant CorrectMed, 192 Bastille Lane, Suite 200, Ruston, LA 71270.

38. Defendants John Doe 4 through John Doe 6 are unknown federal employees of the United States Immigration and Customs Enforcement (ICE) and/or ICE Health Services Corp whose identities are currently unknown to Plaintiffs. Said defendants were responsible for ensuring compliance with ICE detention standards, specifically as it relates to health care of detainees such as Plaintiff Iris Monterroso-Lemus at Richwood Correctional Center. Pursuant to USCS Fed Rules Civ Proc R 10, Plaintiffs designate these unknown federal employees as John Doe defendants. These defendants were acting under color of federal authority during the events described in this Complaint. Plaintiffs will seek leave to amend this Complaint to substitute the true names of these defendants when their identities become known through discovery. These defendants may be served with process via ICE Health Service Corp, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536.

39. Defendants John Doe 7 through John Doe 9 are unknown federal employees of ICE who were involved with decision-making or the application of the health care of Plaintiff Iris Monterroso-Lemus during her detention at Richwood Correctional Center in April 2025. Pursuant to USCS Fed Rules Civ Proc R 10, Plaintiffs designate these unknown federal

employees as John Doe defendants. These defendants were acting under color of federal authority during the events described in this Complaint. Plaintiffs will seek leave to amend this Complaint to substitute the true names of these defendants when their identities become known through discovery. These defendants may be served with process via ICE Health Service Corp, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536.

40. Defendants John Doe 10 through John Doe 12 are unknown federal employees of ICE who were present with Plaintiff Iris Monterroso-Lemus during her labor and delivery at Ochsner LSU Medical Center on or about April 29-30, 2025 through her discharge on May 3, 2025, and/or were involved in decision-making concerning her health care at said medical center. Pursuant to USCS Fed Rules Civ Proc R 10, Plaintiffs designate these unknown federal employees as John Doe defendants. These defendants were acting under color of federal authority during the events described in this Complaint. Plaintiffs will seek leave to amend this Complaint to substitute the true names of these defendants when their identities become known through discovery. These defendants may be served with process via ICE Health Service Corp, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536.

41. Defendants John Doe 13 through John Doe 15 are unknown federal employees of ICE who were involved in the decision to remove Plaintiff Iris Monterroso-Lemus from the United States prior to her medically ordered post-partum care appointments, and who in

fact removed her from the United States prior to said medical appointments. Pursuant to USCS Fed Rules Civ Proc R 10, Plaintiffs designate these unknown federal employees as John Doe and Jane Doe defendants. These defendants were acting under color of federal authority during the events described in this Complaint. Plaintiffs will seek leave to amend this Complaint to substitute the true names of these defendants when their identities become known through discovery. These defendants may be served with process via ICE Health Service Corp, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, 500 12th St. SW, Washington, D.C. 20536.

## STATEMENT OF FACTS

42. In March 2025, Plaintiff Iris Monterroso-Lemus resided in Lenoir City, Tennessee.

43. Plaintiff Iris Monterroso-Lemus was pregnant in March 2025 with baby Gary Bivens, Jr.

44. The father of baby Gary Bivens, Jr., is Plaintiff Gary Bivens, Sr., a United States citizen who resides in Lenoir City, Tennessee.

45. In March 2025, U.S. Immigrations and Customs Enforcement (ICE) officers took custody of Plaintiff Iris Monterroso-Lemus.

46. On or about March 22, 2025, ICE placed Plaintiff Iris Monterroso-Lemus in detention at the Roger D. Wilson Detention Facility in Knoxville, Tennessee.

47. Plaintiff Iris Monterroso-Lemus advised ICE, facility personnel, and medical personnel at the Roger D. Wilson Detention Facility that she was pregnant.

48. On or about March 25, 2025, ICE transferred Plaintiff Iris Monterroso-Lemus to detention at the Etowah County Detention Center in Gadsden, Alabama.

49. Plaintiff Iris Monterroso-Lemus advised ICE, facility personnel, and medical personnel at the Etowah County Detention Center that she was pregnant.

50. On or about April 1, 2025, ICE transferred Plaintiff Iris Monterroso-Lemus to detention at the Richwood Correctional Center in Monroe, Louisiana.

51. Richwood Correctional Center is owned and operated by defendants LaSalle Corrections.

52. LaSalle Corrections operates at least nine (9) correctional facilities in Louisiana, as well as others in Texas, New Mexico, and Georgia.

53. In the role of Warden of Richwood Correctional Center, Defendant Lisa Bowen was responsible at all relevant times for setting policies for the Richwood Correctional Center. Ms. Bowen was responsible for ensuring compliance with ICE standards for detention.

54. Defendant Pamela Hearn, M.D., as Medical Director of LaSalle Corrections, was responsible at all relevant times for the oversight of the medical care at Richwood Correctional Center. She was responsible for the medical operations and deployment of health resources to support several LaSalle Corrections related medical facilities, including the Richwood Correctional Center's medical department. She was involved in performance improvement initiatives for the patients detained at Richwood CC. She was

responsible for communicating with ICE to establish clinical policy, procedures, and protocols, and analyzing audit results to ensure patient care meets the expected standards.

55. Plaintiff Iris Monterroso-Lemus advised ICE personnel, facility personnel, and medical personnel at Richwood Correctional Center that she was pregnant.

56. Throughout her detention at the Richwood CC, Plaintiff Iris Monterroso-Lemus made multiple requests for prenatal health care that were ignored by the defendants.

57. Defendants LaSalle Corrections, through their employees and agents, failed to provide adequate medical care to Plaintiff Iris Monterroso-Lemus.

58. Defendants LaSalle Corrections, through their agents and employees, failed to provide close monitoring and care of Plaintiff Iris Monterroso-Lemus during her pregnancy, including but not limited to necessary medical evaluations, ultrasounds, and blood tests.

59. Defendants LaSalle Corrections, through their employees and agents, failed to provide adequate nutrition to Plaintiff Iris Monterroso-Lemus.

60. Defendants LaSalle Corrections ignored Plaintiff Iris Monterroso-Lemus's concerns about her pregnancy.

61. Unknown federal employees of ICE and/or ICE Health Services Corp failed to provide adequate medical care to Plaintiff Iris Monterroso-Lemus during her detention at Richwood Correctional Center.

62. Unknown federal employees who are members of ICE Health Services Corp failed to provide adequate supervision of the health care provided to Plaintiff Iris Monterroso-Lemus during her detention at Richwood Correctional Center.

63. Unknown federal employees who are members of ICE Health Services Corp failed to ensure compliance with medical standards and with ICE detention standards, including health care standards for pregnant women, during Plaintiff Iris Monterroso-Lemus's detention at Richwood Correctional Center.

64. On or about April 29, 2025, Plaintiff Iris Monterroso-Lemus was admitted to Ochsner LSU Medical Center, in Monroe, LA.

65. On April 30, 2025, Plaintiff Iris Monterroso-Lemus experienced a miscarriage at approximately 24 weeks gestation. Baby Gary Bivens, Jr., was stillborn.

66. The miscarriage and stillbirth were the result of the gross and willful negligence of the Defendants in failing to provide adequate medical care and nutrition to Plaintiff Iris Monterroso-Lemus.

67. Unknown federal employees of ICE and/or employees or agents of Defendants LaSalle Corrections maintained handcuffs on Plaintiff Iris Monterroso-Lemus throughout most of her admission to Ochsner LSU Medical Center, April 29 to May 3, 2025.

68. Unknown federal employees of ICE and/or employees or agents of Defendants LaSalle Corrections attempted to handcuff Plaintiff Iris Monterroso-Lemus during her labor.

69. Unknown federal employees of ICE and/or employees or agents of Defendants LaSalle Corrections remained present in the room with Plaintiff Iris Monterroso-Lemus during her labor and delivery.

70. Unknown federal employees of ICE and/or employees or agents of Defendants LaSalle Corrections urged medical staff and personnel at Ochsner LSU Medical Center to prematurely discharge Plaintiff Iris Monterroso-Lemus prior to the time indicated by her medical needs and contrary to the advice of medical personnel.

71. Following the labor and delivery of her stillborn child, Plaintiff Iris Monterroso-Lemus was medically ordered to attend post-partum care appointments on May 9, 2025, and June 13, 2025.

72. Unknown federal employees of ICE removed Plaintiff Iris Monterroso-Lemus from the United States prior to her medically ordered post-partum care appointments on May 9, 2025, and June 13, 2025.

73. As a result of the defendants' conduct, Plaintiff Iris Monterroso-Lemus suffered severe physical injuries, including the miscarriage and stillbirth of her child.

74. As a result of the defendants' conduct, Plaintiff Iris Monterroso-Lemus suffered severe emotional distress, pain and suffering, and loss of enjoyment of life.

75. As a result of the defendants' conduct, Plaintiff Gary Bivens, Sr., suffered the wrongful death of his child, Gary Bivens, Jr.

76. As a result of the defendants' conduct, Plaintiff Gary Bivens, Sr., suffered severe emotional distress, loss of consortium, and other damages.

77. Defendants LaSalle Corrections has a long and troubling history of failing to provide adequate medical care to people detained in their facilities.

78. Defendant Town of Richwood was on notice that Defendants LaSalle Corrections had a long history of failing to provide adequate medical care to people they detain.

79. The U.S. Department of Homeland Security and particularly ICE personnel were on notice that Defendants LaSalle Corrections has a long history of failing to provide adequate medical care to people they detain.

80. Defendants LaSalle Corrections, driven by the financial greed of its named Defendant owners, directors, and managers, seek profit by failing to provide safe conditions.

81. Defendants LaSalle Corrections submit low bids to municipalities like Town of Richwood by hiring untrained, unlicensed correctional officers and low-level nurses, hiring fewer personnel than necessary to properly manage the detention centers, refusing to invest in training for their personnel, and discouraging employees from transporting inmates to clinics or hospitals, even when there is a life-threatening medical concern.

82. These policymakers of Defendants LaSalle Corrections and Defendant Town of Richwood were deliberately indifferent to said policies and customs. These policies and customs were undertaken in wanton disregard for the rights and safety of others, including Plaintiff Iris Monterroso-Lemus.

## CAUSES OF ACTION [1]

**Count I - Constitutional Violation Under Bivens - Inadequate Medical Care During Detention** (against defendants Stewart Smith, John Doe 4 through John Doe 10)

83. Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

84. Plaintiff Iris Monterroso-Lemus was detained by federal agents of ICE.

85. In March 2025, ICE took custody of Plaintiff Iris Monterroso-Lemus while she was pregnant.

86. Plaintiff Iris Monterroso-Lemus was detained at Richwood Correctional Center in Monroe, Louisiana, from on or about April 4, 2025, through on or about April 29, 2025.

87. Defendants John Doe 4 through John Doe 7 were federal employees of ICE and/or ICE Health Services Corp acting under color of federal authority.

88. Defendants were deliberately indifferent to Plaintiff Iris Monterroso-Lemus's serious medical needs.

89. Plaintiff Iris Monterroso-Lemus notified ICE, facility personnel, and medical personnel at each detention facility that she was pregnant.

---

[1] **Pursuant to Louisiana state law, Plaintiffs have filed a request for a medical malpractice review panel with the Louisiana Division of Administration. That matter is pending. When claims are ripe, Plaintiffs will ask for leave to amend this Complaint as needed to include the state claims for medical negligence wrongful death.**

90. Plaintiff Iris Monterroso-Lemus specifically notified ICE, facility personnel, and medical personnel at Richwood Correctional Center that she was pregnant.

91. Despite knowledge of Plaintiff Iris Monterroso-Lemus's pregnancy, defendants failed to provide adequate prenatal medical care.

92. Despite knowledge of Plaintiff Iris Monterroso-Lemus's pregnancy, defendants failed to provide adequate nutrition.

93. Defendants ignored Plaintiff Iris Monterroso-Lemus's concerns about her pregnancy.

94. Defendant Stewart Smith and unknown federal employees who are members of ICE Health Services Corp failed to provide adequate supervision of the medical care provided to Plaintiff Iris Monterroso-Lemus.

95. Defendant Stewart Smith and unknown federal employees who are members of ICE Health Services Corp failed to ensure compliance with ICE standards, including medical care standards for pregnant women.

96. This deliberate indifference violated Plaintiff Iris Monterroso-Lemus's constitutional rights under Fourth, Fifth, and Eighth Amendments to the U.S. Constitution.

97. Federal detainees have a constitutional right to adequate medical care under the Fourth Amendment Unreasonable Seizure clause, the Fifth Amendment Due Process clause, and the Eighth Amendment Cruel and Unusual Punishment clause.

98. Deliberate indifference to serious medical needs of a pregnant detainee violates Plaintiff's constitutional rights.

99. Defendants' failure to provide adequate medical care and nutrition to a pregnant detainee constituted deliberate indifference to her serious medical needs.

100. Defendants' failure to supervise medical care and ensure compliance with ICE standards constituted deliberate indifference to Plaintiff's serious medical needs.

101. The violation caused injury to Plaintiff Iris Monterroso-Lemus.

102. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff Iris Monterroso-Lemus experienced a miscarriage at approximately 24 weeks gestation on April 30, 2025. Gary Bivens, Jr., was stillborn on April 30, 2025.

103. As a direct and proximate result of Defendants' breach of the duty of care, Plaintiff Iris Monterroso-Lemus suffered severe physical injuries from the miscarriage and stillbirth, severe emotional distress, pain and suffering, and loss of enjoyment of life.

104. As a direct and proximate result of Defendants' breach of the duty of care, Plaintiff Gary Bivens, Sr., suffered the wrongful death of his child, Gary Bivens, Jr., loss of consortium, emotional distress, and other damages.

**Count II - Constitutional Violation Under Bivens - Unlawful Restraint and Interference with Medical Care During Labor and Delivery** (against defendants John Doe 10 through John Doe 12)

105. Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

106. Plaintiff Iris Monterroso-Lemus was in federal custody during labor and delivery.

107.      On or about April 29-30, 2025, Plaintiff Iris Monterroso-Lemus was in labor at Ochsner LSU Medical Center.

108.      On or about April 30, 2025, Plaintiff Iris Monterroso-Lemus delivered her stillborn child at Ochsner LSU Medical Center.

109.      During this time, Plaintiff Iris Monterroso-Lemus remained in the custody of ICE.

110.      Unknown federal employees maintained handcuffs on Plaintiff Iris Monterroso-Lemus and attempted to handcuff her during labor.

111.      Unknown federal employees of ICE maintained handcuffs on Plaintiff Iris Monterroso-Lemus throughout most of her admission to Ochsner LSU Medical Center from April 29 to May 3, 2025.

112.      Unknown federal employees of ICE attempted to handcuff Plaintiff Iris Monterroso-Lemus during her labor.

113.      The use of handcuffs during labor is medically dangerous and violates medical standards.

114.      The use of handcuffs during labor violates ICE standards.

115.      Unknown federal employees of ICE remained present in the room with Plaintiff Iris Monterroso-Lemus during her labor.

116.      Unknown federal employees of ICE remained present in the room with Plaintiff Iris Monterroso-Lemus during the delivery of her stillborn baby.

117.    The presence of federal agents during labor and delivery invaded Plaintiff Iris Monterroso-Lemus's privacy and dignity, causing her great anguish.

118.    Unknown federal employees of ICE urged medical staff and personnel at Ochsner LSU Medical Center to prematurely discharge Plaintiff Iris Monterroso-Lemus.

119.    This urging to discharge was prior to the time indicated by Plaintiff Iris Monterroso-Lemus's medical needs.

120.    This urging to discharge was contrary to the advice of medical personnel at Ochsner LSU Medical Center.

121.    These actions violated Plaintiff Iris Monterroso-Lemus's constitutional rights under the Fourth, Fifth and Eighth Amendments to the U.S. Constitution.

122.    The Fourth Amendment protects individuals from unreasonable seizures and guarantees the right to bodily integrity.

123.    The use of handcuffs during labor constitutes an unreasonable seizure and violates the right to bodily integrity under the Fourth Amendment.

124.    The presence of federal agents during labor and delivery violates the Plaintiff's right to privacy and bodily integrity.

125.    The Fifth Amendment Due Process Clause protects federal detainees from deprivations of liberty without due process of law.

126.     The interference with medical decision-making by urging premature discharge violates the right to adequate medical care under the Fifth Amendment Due Process Clause.

127.     The Eighth Amendment protects Plaintiff from cruel and unusual punishment.

128.     The presence of the officers during her labor and delivery and their use of handcuffs was a violation of her Eighth Amendment right.

129.     The actions were taken under color of federal authority.

130.     Defendants' actions caused injury to Plaintiff Iris Monterroso-Lemus.

131.     As a direct and proximate result of defendants' actions, Plaintiff Iris Monterroso-Lemus suffered severe emotional distress during labor and delivery. She suffered invasion of privacy and loss of dignity during one of the most vulnerable moments of her life. She was denied adequate medical care and was prematurely discharged.

**Count III - Constitutional Violation Under Bivens - Removal from the United States Prior to Medically-Ordered Post-Partum Care** (against defendants John Doe 13 through John Doe 15)

132.     Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

133.     Plaintiff Iris Monterroso-Lemus was entitled to post-partum medical care as ordered by her treating health care providers.

134.	Following the labor and delivery of her stillborn child on April 29-30, 2025, Plaintiff Iris Monterroso-Lemus required post-partum medical care.

135.	Medical personnel ordered Plaintiff Iris Monterroso-Lemus to attend post-partum care appointments on May 9, 2025, and June 13, 2025.

136.	These post-partum care appointments were medically necessary for Plaintiff Iris Monterroso-Lemus's health and recovery.

137.	Unknown federal employees removed Plaintiff Iris Monterroso-Lemus from the United States prior to her scheduled medical appointments.

138.	This removal occurred prior to Plaintiff Iris Monterroso-Lemus's scheduled post-partum care appointment on May 9, 2025.

139.	This removal occurred prior to Plaintiff Iris Monterroso-Lemus's scheduled post-partum care appointment on June 13, 2025.

140.	These federal employees were aware of her post-partum medical needs and appointments and callously disregarded Plaintiff's well-being and recovery.

141.	This removal prevented Plaintiff Iris Monterroso-Lemus from receiving necessary medical care.

142.	As a result of her removal from the United States, Plaintiff Iris Monterroso-Lemus was unable to attend her scheduled post-partum care appointments.

143.	As a result of her removal from the United States, Plaintiff Iris Monterroso-Lemus was unable to receive necessary post-partum medical care.

144.	The removal violated Plaintiff Iris Monterroso-Lemus's constitutional rights under the Fifth and Eighth Amendments to the U.S. Constitution.

145.	The Fifth Amendment Due Process Clause protects federal detainees' right to adequate medical care.

146.	This right to adequate medical care includes necessary follow-up care and post-partum care.

147.	Removing a detainee from the United States prior to medically necessary appointments violates the right to adequate medical care under the Fifth Amendment.

148.	Defendants' removal of Plaintiff Iris Monterroso-Lemus prior to her medically ordered post-partum care appointments violated her Eighth Amendment rights against cruel and unusual punishment.

149.	Defendants' actions caused injury to Plaintiff Iris Monterroso-Lemus.

150.	As a direct and proximate result of defendants' removal of Plaintiff Iris Monterroso-Lemus from the United States, she was unable to receive necessary post-partum medical care.

151.	As a direct and proximate result of the lack of post-partum medical care, Plaintiff Iris Monterroso-Lemus suffered physical injuries and complications.

152.	As a direct and proximate result of the lack of post-partum medical care, Plaintiff Iris Monterroso-Lemus suffered emotional distress and anxiety about her health.

**Count IV - Civil Rights Violation in Violation of 42 USCS § 1983 - Inadequate Medical Care and Wrongful Death** (against defendant Town of Richwood, its agents and employees, and defendants LaSalle Corrections, their agents and employees)

153.    Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

154.    A cause of action exists under 42 U.S.C. § 1983 for money damages against an individual acting under color of state law who deprives another of rights, privileges, or immunities secured by federal law and the Constitution of the Unites States of America.

155.    The Due Process Clause of the Fourteenth Amendment prohibits Defendant Town of Richwood and its contractual surrogate Defendants LaSalle Corrections from having any custom, policy, or procedure which would constitute the proximate cause of their employees or agents' deprivation of any person's constitutional rights. Where such a custom, policy, or procedure has resulted in the deprivation of a person's constitutional rights under 42 U.S.C. § 1983, sovereign immunity is removed, thereby allowing the person to recover damages in a suit against the Defendants.

156.    On or about April 5, 2019, Defendant Town of Richwood, a Louisiana state political subdivision, entered into an intergovernmental service agreement (IGSA) with U.S. Immigration and Customs Enforcement to detain, house, feed and care for immigrant detainees in accordance with ICE detention standards, including health care standards.

157.     On or about April 5, 2019, Defendant Town of Richwood contracted with Defendants LaSalle Corrections and specifically defendant Richwood Correctional Center, L.L.C., to fulfill its IGSA contractual obligations with ICE, subject to the IGSA and ICE detention standards.

158.     Said contract between Defendant Town of Richwood and Defendants LaSalle Corrections and specifically Defendant Richwood Correctional Center, L.L.C., is hereinafter referred to as the Specific Agreement.

159.     Under the terms of the Specific Agreement, Defendant Town of Richwood agreed with Defendant Richwood Correctional Center, L.L.C., to do the following:

a.  To enter into an Inter-governmental Service Agreement (IGSA) between ICE and Town of Richwood for the housing of ICE detainees at a price to be set by the negotiations between Richwood Correctional Center, L.L.C. and ICE on the behalf of the Town of Richwood.

b.  To commission every employee at the Richwood CC facility to serve as a police officer after a complete background check had been conducted that is satisfactory to the custom and standard of the Town's Police Department. Provided that commissioned police officers will have no authority to act on the behalf of the town or any other entity outside of their employment with the Richwood Correctional Center, L.L.C.

c. To provide complete background checks and be reimbursed by Defendant Richwood Correctional Center, L.L.C.

d. To be responsible for providing payroll, health insurance, workers compensation and other related benefits such as a retirement plan to the commissioned employees at Richwood Correctional Center, L.L.C. and that all the costs of such benefits shall be approved by Richwood Correctional Center, L.L.C. and totally reimbursed to the Town in advance of the time the funds are needed from the proceeds provided as part of the Specific Agreement.

160. Under the terms of the Specific Agreement, Defendant Richwood Correctional Center, L.L.C., agreed with Defendant Town of Richwood as follows:

a. To provide professional management, training, and supervision of each employee that is working for the Richwood CC facility and the Town accepts that delegation of authority to Defendant Richwood Correctional Center, L.L.C.

b. To assume responsibility for all payroll functions.

c. To provide total indemnification to the Town of Richwood for all events that occur at the facility or as part of the facility operations.

d. To provide monthly billing reports to the Town on the number of the ICE detainees housed at the Richwood CC facility.

161. The Specific Agreement renewed on a year to year basis and was effective at all times material to this Complaint.

162.	Defendants LaSalle Corrections owns and operates Richwood Correctional Center under contract with the Defendant Town of Richwood.

163.	Defendant Town of Richwood had a contractual obligation through its IGSA with ICE to ensure compliance with ICE detention standards.

164.	Defendant Town of Richwood's action to subcontract to Defendants LaSalle Corrections did not relieve the Town of Richwood's obligation to perform the ICE detention contract and ensure compliance with ICE standards.

165.	In operating a detention facility and specifically Richwood Correctional Center, defendants LaSalle Corrections performs a traditional state function.

166.	Defendants LaSalle Corrections and its agents and employees acted under color of state law in operating Richwood Correctional Center pursuant to its contractual agreement with Defendant Town of Richwood and providing health care to detainees like Plaintiff Iris Monterroso-Lemus.

167.	Defendants Town of Richwood and LaSalle Corrections deprived Plaintiff Iris Monterroso-Lemus of rights, privileges, and immunities secured by the Constitution and federal law.

168.	Defendants Town of Richwood and LaSalle Corrections owed a duty to provide adequate medical care to Plaintiff Iris Monterroso-Lemus.

169.	Plaintiff Iris Monterroso-Lemus had a constitutional right to adequate medical care under the Due Process Clause.

170.    Defendants Town of Richwood and LaSalle Corrections, through their employees and agents, failed to provide adequate medical care to Plaintiff Iris Monterroso-Lemus.

171.    Defendants Town of Richwood and LaSalle Corrections, through their employees and agents, failed to provide adequate nutrition to Plaintiff Iris Monterroso-Lemus.

172.    Defendants Town of Richwood and LaSalle Corrections, through their employees and agents, ignored Plaintiff Iris Monterroso-Lemus's concerns about her pregnancy.

173.    Despite knowledge of Plaintiff Iris Monterroso-Lemus's pregnancy, defendants Town of Richwood and LaSalle Corrections failed to provide adequate prenatal medical care.

174.    Defendants Town of Richwood and LaSalle Corrections' conduct caused injury to Plaintiffs.

175.    As a direct and proximate result of defendants Town of Richwood and LaSalle Corrections' failure to provide adequate medical care, Plaintiff Iris Monterroso-Lemus experienced a miscarriage at approximately 24 weeks gestation on April 30, 2025.

176.    As a direct and proximate result of defendants Town of Richwood and LaSalle Corrections' failure to provide adequate medical care, baby Gary Bivens, Jr., was stillborn on April 30, 2025.

177.    As a direct and proximate result of defendants Town of Richwood and LaSalle Corrections' failure to comply with ICE detention standards and provide adequate health care, Plaintiffs suffered severe physical injuries, emotional distress, pain and suffering,

loss of consortium, and loss of enjoyment of life, and the wrongful death of their baby, Gary Bivens, Jr.

178.     Plaintiffs have suffered damages as a result of defendants Town of Richwood and LaSalle Corrections' violations of their constitutional rights.

**Count V - Negligence Under Louisiana State Law** (against defendants LaSalle Corrections, their agents and employees)

179.     Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

180.     Defendants LaSalle Corrections, through its employees and agents at Richwood Correctional Center, owed a duty to provide adequate medical care to Plaintiff Iris Monterroso-Lemus.

181.     Defendant Indalecio Ramos failed to provide the necessary operational oversight of LaSalle Corrections, particularly at Richwood Correctional Center. He failed to provide operational performance, regulatory compliance, staff development and training, and maintain the standards of safety and security required at Richwood Correctional Center. He failed to provide the compliance of Richwood CC with the requisite detention standards, including but not limited to ICE detention standards.

182.     Defendant Pamela Hearn, M.D., was responsible for overseeing medical care at Richwood Correctional Center. She failed to provide the requisite oversight of medical

operations and the deployment of necessary health resources at Richwood CC. She failed to ensure patients detained at Richwood CC, including Plaintiff Iris Monterroso-Lemus, received health care that met the standard of care. She failed in her role to establish clinical policy, procedures, protocols, and training that met medical and ICE detention standards and ensured patient care met expected standards.

183.	Defendant Kristina Rothschild, as the Health Service Administrator of Richwood CC, failed to provide the requisite oversight of medical operations and the deployment of necessary health resources at Richwood CC. She failed to ensure patients detained at Richwood CC, including Plaintiff Iris Monterroso-Lemus, received health care that met the standard of care. She failed in her role to establish clinical policy, procedures, protocols, and training that met medical and ICE detention standards and ensured patient care met expected standards.

184.	Defendants William McConnell, Wesley McConnell, Clay McConnell, and Patrick Temple, individually and through their official capacities as owners, managers and directors of Defendants LaSalle Corrections, failed to ensure compliance with ICE detention standards and failed to ensure proper training and supervision of agents and employees of Defendants LaSalle Corrections.

185.	Defendants LaSalle Corrections, through its employees and agents, failed to provide adequate nutrition to Plaintiff Iris Monterroso-Lemus.

186.     Defendant Joseph Hill, individually and in his official capacity as Kitchen Officer at the Richwood CC, failed to provide adequate nutrition to Plaintiff Iris Monterroso-Lemus.

187.     Defendants LaSalle Corrections, through its employees and agents, ignored Plaintiff Iris Monterroso-Lemus's concerns about her pregnancy and ignored her requests for medical attention.

188.     These failures constituted a breach of the applicable standards of care.

189.     The breach caused injury to Plaintiffs.

190.     As a direct and proximate result of Defendants LaSalle Corrections' breach of the duty of care, Plaintiff Iris Monterroso-Lemus suffered a miscarriage at approximately 24 weeks gestation on April 30, 2025. Baby Gary Bivens, Jr., was stillborn on April 30, 2025.

191.     As a direct and proximate result of Defendants LaSalle Corrections' breach of the duty of care, Plaintiff Iris Monterroso-Lemus suffered severe physical injuries from the miscarriage and stillbirth, severe emotional distress, pain and suffering, and loss of enjoyment of life.

192.     As a direct and proximate result of Defendants LaSalle Corrections' breach of the duty of care, Plaintiff Gary Bivens, Sr., suffered the wrongful death of his child, Gary Bivens, Jr., loss of consortium, emotional distress, and other damages.

**Count VI – Breach of Contract** (against defendant Town of Richwood)

193.    Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

194.    Defendant Town of Richwood had a non-delegable duty to perform its obligations under the April 2019 IGSA contract and subsequent agreements with ICE.

195.    Defendant Town of Richwood, through their agents and employees, breached its duty to perform under the terms of the IGSA Agreement and subsequent agreements with ICE to operate the detention facility Richwood CC.

196.    Plaintiffs were third party beneficiaries of said contract, which provided protections to detainees like Plaintiff Iris Monterroso-Lemus.

197.    Defendant Town of Richwood's failure to perform its obligations under the contract proximately caused the injuries suffered by Plaintiffs related to the stillbirth of their son, Gary Bivens, Jr.


**Count VII – Breach of Contract** (against defendants LaSalle Corrections)

198.    Plaintiffs repeat and reallege the allegations set forth in all the preceding paragraphs as if fully set forth herein.

199.    Defendants LaSalle Corrections, and specifically Defendant Richwood Correctional Center, L.L.C., through their agents and employees, breached their duty to perform under the terms of the April 5, 2019, Specific Agreement and subsequent

agreements with Defendant Town of Richwood to operate the detention facility Richwood CC pursuant to the established IGSA signed between Town of Richwood and ICE.

200.     Plaintiffs were third party beneficiaries of said contract, which provided protections to detainees like Plaintiff Iris Monterroso-Lemus.

201.     Defendants LaSalle Corrections failure to perform its obligations under the contract proximately caused the injuries suffered by Plaintiffs related to the stillbirth of their son, Gary Bivens, Jr.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief from all Defendants *in solido*:

202.     Compensatory damages against all defendants for Plaintiff Iris Monterroso-Lemus's personal injuries, including physical injuries from the miscarriage and stillbirth, pain and suffering, emotional distress, medical expenses, and loss of enjoyment of life, in an amount $5,000,000.00.

203.     Compensatory damages against all defendants for Plaintiff Gary Bivens, Sr., for the wrongful death of Gary Bivens, Jr., including loss of the child's life, loss of consortium, emotional distress, and funeral expenses, in an amount of $5,000,000.00.

204.     Punitive damages against all defendants for their gross negligence, willful misconduct, and reckless conduct, in an amount $20,000,000.00.

205.     Attorney's fees and costs pursuant to 42 USCS § 1988 for Plaintiffs' claims under 42 USCS § 1983.

206.     Award costs of this action including discretionary costs.

207.     Pre-judgment and post-judgment interest as allowed by law.

208.     Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,


 /s/ Nelson W. Cameron_____     Date: April 28, 2026_____
Nelson W. Cameron
Louisiana Bar No. 01283
675 Jordan Street
Shreveport, LA 71101
(318) 226-0111
Eganspk@gmail.com
Attorney for Plaintiffs